UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CLEOFAS CONTRERAS VASQUEZ              :
                                       :
                Petitioner,            :
                                       :      09 CIV 3845 (HB)
        -against-                      :
                                       :
UNITED STATES OF AMERICA               :      OPINION AND ORDER
                                       :
                Respondent.            :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**[1]

  Cleofas Contreras Vasquez ("Petitioner" or "Vasquez") was convicted for conspiracy to distribute, and possession with intent to distribute, more than five kilograms of cocaine in violation of 21 U.S.C. § 846. Appearing *pro se*, he petitioned for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. I denied that petition in an Opinion and Order dated August 19, 2010. Vasquez now seeks a certificate of appealability pursuant to 28 U.S.C. 2253(c), asserting the same issues that I disposed of in my Opinion denying Vasquez's petition for a writ of *habeas corpus*.

  As a primary matter, Petitioner failed to bring his habeas claim within the one year statutory timeframe established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). However, following the Supreme Court's lead in *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), this Court may, in rare cases, equitably toll the AEDPA statute of limitations and grant the requested relief upon a showing of petitioner's due diligence and the existence of an "extraordinary circumstance" preventing petitioner from pursuing his rights. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d. Cir. 2000) (finding that equitable tolling applies to AEDPA's limitations period, but that it may be invoked only in "rare and exceptional circumstance[s]"). Petitioner has made no such showing here.

  Petitioner has demonstrated no circumstances that can be considered "extraordinary" as required by the Supreme Court in *Holland v. Florida*. Although Vasquez received delayed notice of the finality of his state court conviction, he still had five months within the statute of limitations to file a timely petition. This was ample time. *See, e.g.*, *Urena v. United States*, 2005

---

[1] Erica Iverson, a third-year student at New York University School of Law and a 2010-2011 intern in my Chambers, provided substantial assistance in researching and drafting this Opinion.

WL 1653888, at *3 (S.D.N.Y. July 13, 2005) (denying equitable tolling where petitioner had five months to prepare petition); *Mandarino v. United States*, 1998 WL 729703, at *2 (S.D.N.Y. Oct. 16, 1998) (denying equitable tolling where petitioner had only two months to prepare petition). Petitioner's claim that a language barrier prevented him from obtaining assistance with his petition is also unavailing. Not only was he granted access to a translator, which both the Ninth and Sixth circuits have found eliminates any language deficiency claim, but there is no evidence that he sought outside help overcoming the language barrier he allegedly faced within prison. *See, e.g.*, *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("In general, the existence of a translator who can read and write English . . . implies that a petitioner will not have reasonable cause for [late filing]."); *Tamayo v. United States*, 2008 WL 417674, at *4 (S.D.N.Y. Feb. 13, 2008) (denying petition in part because "[t]here is no allegation of any effort to contact anyone outside the prison system who might help him understand the legal requirements for filing a habeas corpus petition"). Lastly, Petitioner cannot claim that his restricted access to the library amounts to anything more than the ordinary "difficulties attendant on prison life." *Gant v. Goord*, 430 F. Supp. 2d 135, 139 (W.D.N.Y. 2006). Thus, he can demonstrate no reason why this Court should equitably toll the AEDPA statute of limitations.

   Even assuming Vasquez could present a valid rationale for equitable tolling, his claim of ineffective assistance of counsel would fail on the merits. In an Order dated December 29, 2010, Vasquez was given a special invitation to address one obvious defect in his petition by submitting independent evidence that supports his allegations of ineffective assistance of counsel. He timely submitted an affidavit from his brother asserting that Vasquez's counsel never discussed the possibility of entering a guilty plea in advance of trial. Petitioner presents neither an affidavit from his attorney, nor evidence of a good-faith attempt to solicit such an affidavit. The affidavit from Petitioner's brother is simply insufficient to support an ineffective assistance claim under *Strickland*. *See Young v. Zon*, No. 04-CV-00363 (VEB), *slip op.* (W.D.N.Y. Feb. 18, 2011) (granting habeas petition based on affidavit from petitioner, petitioner's father, petitioner's trial attorney, letters between petitioner and his attorney, testimony of petitioner's attorney, and letters between petitioner and his attorney's "second chair" at trial); *Goodwin v. Duncan*, 668 F. Supp. 2d 509, 520 (W.D.N.Y. 2009) (denying ineffective assistance of counsel claim supported only by petitioner's affidavit and letter from petitioner's attorney stating he had no recollection of details of petitioner's case); *Germosa v. United States*, 2003 WL 1057212, at *3 (S.D.N.Y. Mar. 11, 2003) (denying habeas relief on the

basis of several affidavits and letters from petitioner's many attorneys in spite of petitioner's conflicting affidavit).

Despite Petitioner's efforts to support his claim, he can neither demonstrate "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" nor "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

For the foregoing reasons, Vasquez has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Morales v. Greiner*, 381 F.3d 47, 48 (2d Cir. 2004). The certificate of appealability is DENIED.

The Clerk of the Court is directed to close this matter and remove it from my docket.

**SO ORDERED.**

March 7, 2011
New York, New York

_____
Hon. Harold Baer, Jr.
U.S.D.J.

3